UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER J. BRENNAN,<br><br>                Petitioner,<br><br>   v.<br><br>WARDEN J. ELLIS,[1]<br><br>                Respondent. | Case No. 1:13-cv-00128-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus action are Petitioner's Motion to Stay and Respondent's Motion to Dismiss, which are now fully briefed. (Dkt. 8, 11, 12, 14.) Having reviewed the record and the briefing of the parties, the Court enters the following Order.

## REVIEW OF MOTION TO DISMISS

Respondent contends that Petitioner's Petition for Writ of Habeas Corpus should not be stayed pending further state court action, but that it should be dismissed for failure to meet the one-year statute of limitations deadline, because further state court action

---

[1] Warden J. Ellis is substituted for former respondent Warden Tim Wengler. (*See* Dkt. 15.)

**MEMORANDUM DECISION AND ORDER - 1**

cannot retroactively cure the untimely filing of this action. Thus, the Court will first consider the Motion to Dismiss before considering the Motion to Stay.

**1.      Statute of Limitations Standard of Law**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. Particularly, 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2244(d)(1)(A), finality is marked differently for petitioners who pursue a direct appeal, and those who do not. *Gonzales v. Thaler*, 132 S.Ct. 641, 653-54 (2012). If a petitioner pursues direct review of his conviction and/or sentence through the level of the United States Supreme Court, then the judgment becomes final when that court concludes direct appeal or denies a petition for certiorari. *Id.* If a petitioner pursues direct appeal through the level of the Idaho Supreme Court, then the judgment becomes

**MEMORANDUM DECISION AND ORDER - 2**

final at the expiration of the time for seeking a petition for certiorari in the United States Supreme Court (90 days after the Idaho Supreme Court issues its remittitur). *See id.* If a petitioner's appeal is heard by the Idaho Court of Appeals, and no further review is sought, then his judgment becomes final when the Idaho Court of Appeals issues its remittitur, marking the expiration of the time for filing a petition for review with the Idaho Supreme Court. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). If a petitioner does not file an appeal at all, then his judgment of conviction becomes final 42 days after a final order or judgment is entered, which is the expiration of the time for seeking direct review. *See* I.A.R. 14(a); *Wixom*, 264 F.3d at 898.

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled during "all of the time which a state prisoner is attempting, through proper use of state court procedure, to exhaust state court remedies with regard to a particular post-conviction application." *Harris v. Carter*, 515 F.3d 1051, 1053 n. 3 (9th Cir. 2008) (quoting, and overruling on other grounds, *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)).

In *Wall v. Kholi,* 131 S.Ct. 1278 (2011), the United States Supreme Court held that a motion to reduce a sentence under Rhode Island state law was a "collateral review"

**MEMORANDUM DECISION AND ORDER - 3**

application that tolled the AEDPA statute of limitations under § 2244(d)(2). Idaho's Rule 35 is similar to Rhode Island's; thus, Idaho petitioners' federal habeas corpus statute of limitations may be tolled while Rule 35 proceedings are pending.

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). To qualify for the exception, the petitioner "must show that

**MEMORANDUM DECISION AND ORDER - 4**

it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id*. at 1935. In other words, a petitioner's diligence should not be considered "discretely, but as part of the assessment whether actual innocence has been convincingly shown." *Id.*

## 2. Background

Petitioner pleaded guilty to one count of lewd conduct with a minor under sixteen, as defined by Idaho Code § 18-1508. An amended judgment of conviction, correcting a clerical error, was entered on July 17, 2009. (State's Lodging A-12.) Petitioner then filed a Rule 35 motion for reduction of his sentence on October 28, 2009, which was denied on September 28, 2010. (State's Lodging A-15, A-18.) Petitioner did not file a direct appeal or an appeal of the denial of the Rule 35 motion. (*See* State's Lodging A-1.)

On September 15, 2011, Petitioner filed a post-conviction relief petition, which was filed within one year of denial of the Rule 35 motion, but more than two years after entry of the amended judgment (June 30, 2009).[2] The post-conviction action was dismissed as untimely and deemed not subject to equitable tolling on November 8, 2011. (*See* State's Lodging B-1, pp. 3-19 and 41-43.)

---

[2] The petition is titled, "Successive Petition and Affdavit for Post Conviction Relief," but it is not a successive petition.

**MEMORANDUM DECISION AND ORDER - 5**

The Idaho Court of Appeals affirmed the dismissal on December 21, 2012. (Dkt. 3-1, pp. 5-9; State's Lodging C-4.) Petitioner's petition for review was denied on January 30, 2013, and the remittitur was issued the same day. (State's Lodgings C-6, C-7.)

During the course of the first post-conviction action, on May 21, 2012, Petitioner filed a successive post-conviction action, which was also deemed untimely and dismissed by the state district court. (State's Lodging D-1.) That appeal is now pending, which is the reason for Petitioner's request for a stay of this matter.

Petitioner filed his federal Petition for Writ of Habeas Corpus on March 14, 2013 (mailbox rule). (Dkt. 3.)

**3.     Discussion**

Petitioner did not appeal his July 17, 2009 amended judgment of conviction; as a result, his federal statute of limitations began 42 days later, on August 28, 2009. Petitioner's Rule 35 motion for reduction of his sentence was filed on October 28, 2009, which tolled the federal statute of limitations, at which time 60 days of the 365 days had passed. The motion was denied on September 28, 2010. Because Petitioner did not file an appeal, his statute of limitations began running again on September 29, 2010, with 305 days left.

Because no post-conviction action challenging Petitioner's conviction or sentence was filed during the 305-day remaining time period, the federal statute of limitations expired at the end of that time period, on August 1, 2011. Petitioner's first post-conviction action, filed September 15, 2011, was beyond the federal statute of limitations

**MEMORANDUM DECISION AND ORDER - 6**

period, and could not serve to retroactively toll the statute. In addition, the post-conviction petition filing was deemed untimely, and, thus, it could not have tolled the federal statute of limitations. Therefore Petitioner's federal filing of March 14, 2013, was 19 months too late.

However, Petitioner's pending state successive post-conviction action asserts that the untimeliness of the first post-conviction action was the fault of his retained counsel, who failed to file a timely post-conviction petition for Petitioner. Because the outcome of the current appeal of that action may have some bearing on Petitioner's timeliness or equitable tolling arguments, the Court will stay this action pending the outcome of the appeal, and will deny the motion to dismiss without prejudice. *Rhines v. Weber*, 544 U.S. 269 (2005), authorizes a stay of a petition containing an exhausted claim to allow a petitioner to attempt to address further exhaustion issues in state court, and the Court finds it appropriate to invoke the doctrine here, where Petitioner's claim appears exhausted but procedurally defaulted, and where state proceedings could cure or clarify the facts relative to the procedural deficiencies on habeas corpus review.

Respondent may renew the motion to dismiss, if appropriate, and shall lodge any further state court records, when the successive post-conviction appeal is completed and this case is re-opened. Nothing further shall be filed in this case until one of the parties files a motion to re-open the case at the conclusion of the Idaho Supreme Court's review of the pending successive post-conviction matter.

**MEMORANDUM DECISION AND ORDER - 7**

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Stay (Dkt. 8) is GRANTED. The Clerk of Court shall stay and administratively terminate this case. Administrative termination is for internal case management purposes only, and does not affect the interests of the parties or the filing date of the petition.

2. Respondent's Motion to Dismiss (Dkt. 12) is DENIED without prejudice to renewing the motion when the state court proceedings have terminated.

3. Either Petitioner or Respondent shall file a motion to re-open this case within 21 days after its conclusion in the Idaho Supreme Court. No party shall file anything additional in this matter while the case is stayed.

DATED: **December 13, 2013**

Honorable Edward J. Lodge
U. S. District Judge