UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER J. BRENNAN,<br><br>     Petitioner,<br><br>vs.<br><br>RANDY BLADES, Warden,<br><br>     Respondent. | Case No. 1:13-cv-00128-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

  Petitioner Peter J. Brennan filed a Petition for Writ of Habeas Corpus and a supplement to the Petition in this action. (Dkts. 3, 25.) In two prior Orders, the Court observed that Petitioner's claims appeared to be procedurally defaulted and untimely. (Dkt. 7, 17.) The Court permitted Petitioner a stay in this case so that he could complete his successive post-conviction action. (Dkt. 17.) Upon completion of the state court case, this case was re-opened, Petitioner filed his supplement ("Brief Supporting Amended Petition"), and Respondent filed a second Motion for Summary Dismissal. (Dkt. 26.) Petitioner has since filed a Traverse, a Motion to Apply Procedural Default Exceptions, a Response to the Motion for Summary Dismissal, a Renewed Motion for Appointment of Counsel, and a Motion to Stay. (Dkt. 28, 29, 31, 32, 33.)

**MEMORANDUM DECISION AND ORDER - 1**

Having reviewed the record in this matter, including the state court record, the Court enters the following Order dismissing this case with prejudice.

## MOTION FOR APPOINTMENT OF COUNSEL
## AND MOTION FOR STAY

In his second Motion for Appointment of Counsel, Petitioner alleges that he has several mental conditions that prevent him from being able to pursue his case, and he again requests appointment of counsel. Petitioner previously provided a 2004 medical report to the Court, as well as other information regarding his mental health issues. The Court determined that Petitioner had not shown that he was so impaired that he could not litigate his habeas corpus case in the same manner as other inmates proceeding without counsel. (Dkt. 24.)

Petitioner now asserts that his ability to understand this litigation is far below that of other prisoners. The record in Petitioner's state criminal case shows that Petitioner has some mental and cognitive issues, but that he generally has been able to function in society well, despite his issues. Petitioner had no prior criminal history. Before his conviction, he had worked as a loan officer for Countrywide Mortgage Company; at the time of his arrest, he was a commercial loan operator for Wells Fargo Bank and a website developer. (State's Lodging A-17.)

Petitioner suffered a brief period of incompetency after his arrest, and he was committed to the custody of the Idaho Department of Health and Welfare. After approximately 90 days, he was determined to be competent to proceed in his criminal case. After that date, there seems to be no mention of incompetency in the record.

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner filed many pleadings and papers on his own throughout his state court case. None indicate that he was unable to understand the proceedings or unable to protect his interests. The Court has reviewed Petitioner's most recent filings and finds them equal to the average prisoner litigating a habeas corpus case on his own.

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner's filings do not indicate that a mental deficiency is preventing him from adequately protecting his interests; rather they indicate only unfamiliarity with the finer points of habeas corpus law and procedure. Presently at issue is whether Petitioner's claims are timely. The Court sees nothing in the record that would indicate that appointing counsel for Petitioner would aid him in making an argument that his Petition was timely filed, or that the equitable tolling or actual innocence exceptions should be applied to render his filing timely. Sometimes there is simply no factual basis for contesting a defense, as seems to be the case here. In addition, Petitioner's claims are not

**MEMORANDUM DECISION AND ORDER - 3**

particularly meritorious. Because Petitioner has not met the standard for appointment of counsel, the motion will be denied.

Petitioner has also requested a stay to have additional time to respond to Respondent's untimeliness argument. The Court concludes that Petitioner has had ample time to prepare a response, given that this is the third Order in two years addressing untimeliness. Therefore, the motion for a stay will be denied.

## STANDARD OF LAW

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner.

On habeas corpus review, it is appropriate for the Court takes judicial notice of the records from Petitioner's criminal proceedings in state court. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. Particularly, 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**MEMORANDUM DECISION AND ORDER - 4**

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2244(d)(1)(A), finality is marked differently for petitioners who pursue a direct appeal, and those who do not. *Gonzales v. Thaler*, 132 S.Ct. 641, 653-54 (2012). If a petitioner does not file an appeal, then his judgment of conviction becomes final 42 days after a final order or judgment is entered, which is the expiration of the time for seeking direct review. *See* I.A.R. 14(a); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled during "all of the time which a state prisoner is attempting, through proper use of state court procedure, to exhaust state court remedies with regard to a particular post-conviction application." *Harris v. Carter*, 515 F.3d 1051, 1053 n. 3 (9th Cir. 2008) (quoting, and overruling on other grounds, *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)).

**MEMORANDUM DECISION AND ORDER - 5**

In *Wall v. Kholi,* 131 S.Ct. 1278 (2011), the United States Supreme Court held that a motion to reduce a sentence under Rhode Island state law was a "collateral review" application that tolled the AEDPA statute of limitations under § 2244(d)(2). Idaho's Rule 35 is similar to Rhode Island's; thus, Idaho petitioners' federal habeas corpus statute of limitations may be tolled while Rule 35 proceedings are pending.

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

If a petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations. *See McQuiggin v. Perkins*,

MEMORANDUM DECISION AND ORDER - 6

133 S.Ct. 1924, 1928 (2013). To qualify for the exception, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id*. at 1935. In other words, a petitioner's diligence should not be considered "discretely, but as part of the assessment whether actual innocence has been convincingly shown." *Id.*

1. **Background**

Petitioner was charged with two counts of lewd conduct with a minor under sixteen, as defined by Idaho Code § 18-1508, in a criminal action in Ada County, Idaho. (State's Lodging A-2.) He pleaded not guilty, and his defense attorney, D.C. Carr, filed a motion for a mental evaluation. (State's Lodgings A-3, A-4.) Thereafter, the trial court determined that Petitioner was "unfit to proceed" and that he "lacked the capacity to make informed decisions about treatment." (State's Lodging A-6, p. 1.) Petitioner was committed to the custody of the Idaho Department of Health and Welfare from November 24, 2008, through February 13, 2009, when the trial court determined that Petitioner understood the proceeding against him and had the capacity to assist in his defense. (State's Lodging A-9.) During this same time period, Petitioner substituted Jeffrey McKinnie for D.C. Carr as retained counsel of record. (State's Lodging A-8.)

On April 24, 2009, Petitioner changed his plea to guilty to one count of lewd conduct, pursuant to a plea agreement that dismissed the second count. (State's Lodgings

**MEMORANDUM DECISION AND ORDER - 7**

A-10, A-11.) Petitioner acknowledged on his "Guilty Plea Advisory" form that he was giving up his right to challenge "any issues about any statements [he] may have made to law enforcement officers." (State's Lodging A-10, p. 5.) The trial court sentenced Petitioner to a term of imprisonment of 10 years fixed, with 15 years indeterminate. Judgment was entered on June 30, 2009.

Because the original judgment bore the wrong case number (State's Lodging B-1, p. 32), the state district court entered an amended judgment on July 17, 2009. (State's Lodging A-12.) On September 1, 2009, Petitioner's retained attorney, Jeffrey McKinnie, withdrew from representation of Petitioner. (State's Lodgings A-13, A-14.)

On October 28, 2009, Petitioner filed a Rule 35 motion for reduction of sentence, through newly retained counsel, John Sutton. (State's Lodging A-15.) The motion was denied on September 28, 2010. (State's Lodging A-18.) Petitioner did not file a direct appeal or an appeal of the denial of the Rule 35 motion. (*See* State's Lodging A-1.)

On February 15, 2011, Petitioner wrote to Sutton and asked him to withdraw so that the court could appoint counsel for him to file a post-conviction petition. (State's Lodging A-20, Ex. A.) On March 11, 2011, Sutton filed a motion for leave to withdraw, stating to the Court that Petitioner needed a state-provided attorney to help him seek post-conviction relief. (State's Lodging A-19, A-20.)

On March 28, 2011, Petitioner sent a letter to the clerk of the state court, seeking assistance for the filing of a post-conviction petition. (State's Lodging A-21.) On June 12, 2011, Petitioner sent a letter to the trial court again seeking assistance for the filing of a post-conviction petition. (State's Lodging A-22.)

**MEMORANDUM DECISION AND ORDER - 8**

On June 24, 2011, Sutton's motion to withdraw was granted, and on June 28 2010, Petitioner's motion to have counsel appointed was granted. (State's Lodgings A-23, A-24.) On July 11, 2011, the order granting appointment of post-conviction counsel was vacated, because no post-conviction petition had ever been filed. (State's Lodging A-25.)

On September 9, 2011 (mailbox rule date), Petitioner filed a post-conviction relief petition, which was filed within one year of denial of the Rule 35 motion, but more than two years after entry of the amended judgment (June 30, 2009). The post-conviction action was dismissed as untimely and deemed not subject to equitable tolling on November 8, 2011. (*See* State's Lodging B-1, pp. 3-19 and 41-43.)

The Idaho Court of Appeals affirmed the dismissal on December 21, 2012. (Dkt. 3-1, pp. 5-9; State's Lodging C-4.) Petitioner's petition for review was denied on January 30, 2013, and the remittitur was issued the same day. (State's Lodgings C-6, C-7.)

During the course of the first post-conviction action, on May 21, 2012, Petitioner filed a successive post-conviction action, and, through counsel, contended that Sutton had been ineffective as counsel for failing to file a post-conviction petition in time. The state filed a motion for summary dismissal, asserting that the successive petition was improper and untimely. The state district court deemed the petition untimely and dismissed it. (State's Lodging D-1.) On appeal, the Idaho Court of Appeals determined that Petitioner was not entitled to equitable tolling during his original post-conviction action "because his own lack of diligence caused or contributed to the untimeliness of the petition," given that Petitioner knew of the facts supporting his equitable tolling argument (that Sutton allegedly had not filed a petition for him in time) as of April 2011, but he had not

**MEMORANDUM DECISION AND ORDER - 9**

included those facts in his first post-conviction petition of September 2011, and he did not raise them until nine months later. (State's Lodging E-8, pp. 5-6.) The Idaho Supreme Court denied Petitioner's petition for review, concluding Petitioner's state court actions.

Petitioner filed his federal Petition for Writ of Habeas Corpus on March 14, 2013 (mailbox rule), while litigating his successive post-conviction action. (Dkt. 3.) This case was temporarily stayed until that action concluded, and then the Court re-opened this case.

2. **Discussion of Timeliness Issue**

Petitioner's judgment was entered on June 30, 2009, and, because he did not file an appeal, the judgment became final 42 days later, on August 11, 2009. The amendment of a clerical mistake in the judgment did not re-start the date of finality. *See State v. Ciccone*, 246 P.3d 958, 959-61 (Idaho 2010). Therefore, both Petitioner's state post-conviction statute of limitations and his federal statute of limitations began running on August 12, 2009. *See Schultz v. State*, 256 P.3d 791, 793 (Idaho Ct. App. 2011) (state statute of limitations); 28 U.S.C. § 2244(d)(1)(A) (federal).

Petitioner's Rule 35 motion for reduction of his sentence was filed on October 28, 2009, which tolled the *federal* statute of limitations, at which time 78 of the 365 days had passed. The Rule 35 motion, however, did not toll the *state* post-conviction statute of limitations, and thus it expired on August 12, 2010. *See Gonzalez v. State*, 79 P.3d 743, 745 (Idaho Ct. App. 2003) (where a post-judgment motion is filed in a criminal action, the order on the motion ordinarily does not extend the statute of limitation for a post-

conviction action, unless the post-judgment motion was filed within 14 days of entry of the judgment of conviction).

The Rule 35 motion was denied on September 28, 2010. Because Petitioner did not file an appeal, the federal statute of limitations began running again on September 29, 2010, with 287 days left. It expired on July 13, 2011, because no state action statutorily tolling the federal limitations period was filed before that date, and the federal petition was not filed until March 18, 2013.

The Court has considered the entire record to determine whether there are facts that might support tolling or actual innocence, and it finds no adequate factual basis for applying either exception. Petitioner declares by affidavit that it was not until January 2011 that Sutton told Petitioner (1) that his Rule 35 motion had been denied on September 28, 2010, and (2) that his post-conviction relief petition deadline had expired in August 2010, without Sutton ever having filing a petition for him. (State's Lodging D-1, p. 65.) However, nothing in *any* of Petitioner's correspondence to the state court judge, state clerk of court, or his counsel gives any inkling that such a conversation took place. Rather, Petitioner complains to his counsel only of being overcharged for the Rule 35 motion. The letter does not mention that Petitioner retained Sutton for a post-conviction action or that Sutton had let the post-conviction statute expire. The letter indicates only that Petitioner believed the next step was to obtain a public defender to file a post-conviction action for him.

Similarly, Petitioner's letters to the state clerk of court and to the state court judge give no indication that his prior counsel was hired to file a post-conviction action or that

**MEMORANDUM DECISION AND ORDER - 11**

counsel had dropped the ball and let the post-conviction statute of limitations expire. The record tends to reflect that Sutton was hired only to pursue Petitioner's divorce and his Rule 35 action, as Sutton states in his affidavit. (State's Lodging A-20.) Rather it appears that Petitioner mistakenly believed that he had one year after finality of his Rule 35 motion in which to file a state post-conviction action.

Even if Sutton also incorrectly believed that Petitioner had until one year after the Rule 35 motion to file a post-conviction petition, the record does not support an assertion that Sutton is to blame for the untimeliness of Petitioner's *federal* petition. There is no causal link between anything Sutton did and the timing of the federal petition. Nothing in the record suggests that Petitioner had his eye on the federal statute at all. Ignorance of the law is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

In the context of determining that Petitioner's state post-conviction petition was untimely, the state district court recognized that the equitable tolling law of Idaho permits a petitioner to show that a mental disease rendered him incompetent and prevented him from earlier pursuing his post-conviction challenge. (State's Lodging B-1, p. 42.) However, the court determined: "Petitioner in the case at bar has presented nothing in either his petition or response tending to show that his circumstances fall within those situations where the equitable tolling doctrine would apply." (*Id*.) Likewise, this Court sees no evidence in the record that Petitioner had a mental health issue that prevented him from filing either his state or federal petition. Petitioner's correspondence during the time

**MEMORANDUM DECISION AND ORDER - 12**

period when the federal statute of limitations periods was running shows that he was coherent and had a plan to pursue his remedies, albeit on a mistaken time line.

In *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), the United States Court of Appeals for the Ninth Circuit articulated a two-part test to determine whether a mental impairment amounts to an "extraordinary circumstance" warranting equitable tolling. The impairment (1) must have been "so severe that the petitioner was unable personally ... to understand the need to timely file ... a habeas petition" or unable to prepare and file one; and (2) must have "made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Id*. at 1099-1100.

As noted above, nothing in the record indicates that Petitioner was suffering a level of mental impairment during the time period when the federal statute was running that made it impossible for him to understand the need to file or to actually file a petition. *Cf. Forbess v. Franke*, 749 F.3d 837, 838 (9th Cir. 2014) ("During the relevant period, Forbess suffered from delusions so severe that he was unable to understand the need to timely file his petition, and the unique nature of those delusions made it impossible for him to timely file," warranting application of equitable tolling). Rather, Petitioner took many reasonable steps during this time period to try to secure counsel for a state post-conviction petition; unfortunately, he simply did not realize his state statute of limitations had already expired or that his federal statute was running.

Petitioner's first state post-conviction action, filed September 15, 2011, was beyond the federal statute of limitations period, and could not serve to retroactively toll

**MEMORANDUM DECISION AND ORDER - 13**

the statute. In addition, the first post-conviction petition filing was deemed untimely, and, thus, it could not have tolled the federal statute of limitations.

This Court stayed Petitioner's federal action while he pursued his successive state post-conviction action, where he asserted that the untimeliness of the first post-conviction action was Sutton's fault, as discussed above. However, the state court found that Petitioner was not able to show that he diligently pursued his first or his second post-conviction case or that equitable tolling should be applied.

Because the federal Petition was untimely, and neither the equitable tolling nor the actual innocence exception applies, the entire case is subject to dismissal, and the Court need not address procedural default. Accordingly, Petitioner's Motion to Apply One or Both Exceptions to the Default will be denied as moot, as the content is not relevant to the statute of limitations issue.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Renewed Motion for Appointment of Counsel (Dkt. 32) is DENIED.

2. Respondent's Motion to Dismiss (Dkt. 26) is GRANTED, and the Petition for Writ of Habeas Corpus is DISMISSED with prejudice.

3. Petitioner's Motion to Apply One or Both Exceptions to the Default (Dkt. 29) is DENIED as MOOT.

4. Petitioner's Motion to Stay (Dkt. 33) is DENIED.

**MEMORANDUM DECISION AND ORDER - 14**

5. The Court will not grant a certificate of appealability on any issue. Petitioner may seek a certificate of appealability from the United States Court of Appeals for the Ninth Circuit if he desires.

DATED: July 24, 2015

Edward J. Lodge
United States District Judge